**UNITED STATES of America**

v.

**Rodney BOOMER, Appellant.**

**No. 08–4365.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 5, 2010.

Filed: Feb. 25, 2010.

Francis P. Sempa, Esq., Office of United States Attorney, Scranton, PA, for United States of America.

Rodney Boomer, Glenville, WV, pro se.

Salvatore P.J. Vito, Esq., Stroudsburg, PA, for Appellant.

Before: McKEE, HARDIMAN, Circuit Judges, and DAVIS*, District Judge.

## OPINION OF THE COURT

DAVIS, District Judge.

Appellant Rodney Boomer pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute in excess of five grams of cocaine base, heroin, marijuana, and cocaine, in violation of 21 U.S.C. § 846. He was sentenced to a 211–month term of incarceration, followed by a five-year term of supervised release,

and a special assessment of $100.00. Boomer filed a timely notice of appeal.

Defense counsel has filed a motion to withdraw as counsel and has submitted a supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Boomer submitted a *pro se* informal brief in response, as well as a motion to appoint new counsel.[1] The United States has filed a brief in response to Boomer's motion and in support of defense counsel's motion. Boomer seeks to vacate his guilty plea, claiming that it was not knowing, voluntary, and intelligent. We will affirm the judgment of conviction and sentence imposed, and we will grant counsel's motion to withdraw and deny Boomer's motion to appoint new counsel.

## I.

Because we write exclusively for the parties, we recount only the facts necessary to our decision. On May 25, 2005, a confidential informant, at the direction of state police officers, made a controlled purchase of cocaine from Boomer at a vacant store in Monroe County, Pennsylvania. On July 23, 2005, another confidential informant reported to the police that Boomer was selling drugs out of a clothing store in Monroe County. On July 27, 2005, this informant, at the direction of the police, made a controlled purchase of suspected cocaine from Boomer at the clothing store. The police then entered the store to arrest Boomer. Shortly thereafter, Boomer's wife, Cathy Boomer, arrived at the scene, and during an interview with the police, she stated that the business was in her name and consented to a search of the store. The Boomers also consented to a search of their bedroom at Rodney Boom-

---

* The Honorable Legrome D. Davis, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. Boomer also filed a motion to appoint new counsel prior to defense counsel's *Anders* motion.

er's mother's residence, which resulted in the seizure of drugs and ammunition. At police headquarters, Boomer was advised of his *Miranda* rights, which he waived, and he gave a statement in which he admitted to trafficking in illegal drugs.

On February 14, 2006, Boomer was indicted for six counts of drug and firearm offenses. Boomer initially entered a plea of not guilty. Boomer's trial counsel filed a motion to suppress Boomer's statement and the evidence seized at the clothing store and his mother's home. Judge Edwin M. Kosik granted the motion with respect to the evidence seized from the house, but otherwise denied it. Trial counsel filed a motion for reconsideration of the suppression ruling, and Boomer, acting *pro se*, filed a notice to appeal the District Court's ruling with this Court. Trial counsel sent a letter to this Court, explaining that Boomer acted without consultation with counsel, and that the appeal was interlocutory in nature, but noting that Boomer reserves the right to appeal the ruling at an appropriate time. This Court dismissed Boomer's appeal for lack of jurisdiction.

Boomer's trial counsel filed a motion to withdraw as counsel in the District Court on April 12, 2007, and Boomer was appointed new counsel. At the hearing on that motion, the District Court and Boomer discussed his efforts to appeal the ruling on his motion to suppress, and Judge Kosik explained that entering a conditional plea of guilty was a way to accelerate an appeal of the suppression motion. Thereafter, Boomer sent two letters to his new counsel, in January 2008 and April 2008, expressing his interest in appealing the denial of his motion to suppress. Boomer also sent a similar letter to the District Court, to which the District Court responded.

On July 9, 2008, pursuant to a plea agreement, Boomer pleaded guilty to count one of the indictment: conspiracy to distribute and possess with the intent to distribute in excess of five grams of cocaine base, heroin, marijuana, and cocaine, in violation of 21 U.S.C. § 846. The plea agreement did not contain an appellate-waiver provision. However, it included a provision stating that the agreement was the only agreement entered into, and that Boomer "certifies that [his] plea is knowing and voluntary, and is not the result of threats or promises" apart from those in the plea agreement. Boomer also signed a "Statement of Defendant" which did not include an appellate waiver provision, but did contain a clause in which Boomer acknowledged that he understood his trial rights and that he was giving up these rights by pleading guilty. The District Court conducted a plea hearing consistent with Federal Rule of Criminal Procedure 11. During the plea colloquy, upon questioning by Judge Kosik, Boomer stated that he understood the terms of the plea agreement and that he was giving up his trial rights. Waiver of appellate rights was not discussed at the plea hearing. Boomer did not file a motion to withdraw his plea with the District Court. He now argues that his plea was not voluntary, knowing, and intelligent because he was not aware, at the time of entering his plea, that he was waiving his right to appeal the District Court's denial of his motion to suppress.

## II.

The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). This Court exercises plenary review over an *Anders* motion. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

## III.

Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California,* 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967)...." When counsel submits an *Anders* brief, our inquiry is twofold. First, we must consider "whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements." *United States v. Coleman,* 575 F.3d 316, 319 (3d Cir.2009) (quoting *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001)). Counsel must "satisfy the court that [he] has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." *Youla,* 241 F.3d at 300 (citing *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000)). "Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders.*" *Id.* Second, this Court must conduct an independent review of the record and determine whether there are any non-frivolous issues for appeal. *Coleman,* 575 F.3d at 319. If counsel's *Anders* brief is adequate, we confine our review to the issues presented in counsel's brief and any *pro se* brief submitted by the defendant. *See Youla,* 241 F.3d at 301. However, even if counsel's brief is inadequate, we may still dismiss the appeal if it presents only patently frivolous issues. *See Marvin,* 211 F.3d at 781.

### A.

We find counsel's brief adequate. When a defendant pleads guilty, three potential issues remain available on appeal: (1) the jurisdiction of the district court, (2) the validity or voluntariness of the guilty plea, and (3) the legality of the sentence. *See*

*United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Counsel identifies each of these grounds for relief, and after conducting a thorough review of the record, finds no issues of arguable merit for appeal. Counsel predicts that Boomer will appeal the reasonableness of his sentence, and he refers to the record to support his finding that this issue is frivolous. Although trial counsel did not specifically address the argument Boomer presents in his *pro se* brief, trial counsel does state that, after reviewing Boomer's correspondence and brief, "the heart of his appeal" is the adverse ruling on his motion to suppress. Counsel's Br. 2. Moreover, counsel demonstrates that he reviewed the record and the plea colloquy and finds that any challenge to the validity or voluntariness of the plea would be frivolous. Accordingly, this Court is satisfied that counsel conducted a "conscientious examination" of the record and that his brief is adequate.

### B.

Because we find that the *Anders* brief is adequate on its face, our independent review is guided by the portions of the record identified in the brief and any issues raised by Boomer in his *pro se* brief. *See Youla,* 241 F.3d at 301. The *Anders* brief identifies three potential grounds for appeal as discussed above, and Boomer's *pro se* brief presents only one issue for appeal, the voluntariness of his guilty plea. After reviewing these portions of the record, we find that there are no non-frivolous issues for appeal.

Examining first the jurisdiction of the District Court, federal district courts have jurisdiction over all offenses against the United States under 18 U.S.C. § 3231. Boomer was charged with six federal offenses in his indictment, and he pleaded guilty to 21 U.S.C. § 846. Jurisdiction

was proper and there are no appealable issues to consider.

We turn next to Boomer's challenge to the voluntariness of his plea. A defendant may enter into either an unconditional or conditional guilty plea. "[A] criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues." *Washington v. Sobina,* 475 F.3d 162, 165 (3d Cir.2007); *see also United States v. Schweitzer,* 454 F.3d 197, 205 (3d Cir.2006) (recognizing that an unconditional guilty plea "effect[s] an implicit waiver" of non-jurisdictional issues). This rule is consistent with the Supreme Court's holding in *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), that when a criminal defendant has pleaded guilty in open court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to entry of the guilty plea." 411 U.S. at 267, 93 S.Ct. 1602. To preserve the right to appeal a ruling on a pretrial motion, the defendant must enter into a conditional plea with the "consent of the court and the government" that "reserv[es] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed.R.Crim.P. 11(a)(2). In his brief, Boomer acknowledges that he did not enter into a conditional plea and therefore is prohibited from challenging the District Court's adverse ruling on his motion to suppress claim. Boomer instead contests that his unconditional guilty plea was not knowing and voluntary because he did not know, at the time of entering the plea, that he was waiving this appellate right. We find Boomer's challenge to be frivolous.

Whether unconditional or conditional, a guilty plea is valid if entered into "know-ing[ly], voluntar[ily] and intelligent[ly]." *United States v. Tidwell,* 521 F.3d 236, 251 (3d Cir.2008). The constitutional require-ment that a guilty plea be knowing and voluntary is "embodied in Federal Rule of Criminal Procedure 11." *Schweitzer,* 454 F.3d at 202 (citing *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Rule 11(b) requires the district court to "address the defendant personally in open court," advise the defendant of a series of admonitions related to his or her guilty plea, and ensure that the defendant understands these terms. Fed. R.Crim.P. 11(b); *see also Schweitzer,* 454 F.3d at 202–03.

To challenge the voluntariness of a guilty plea, an appellant must demonstrate that the requirements of Federal Rule Criminal Procedure 11 and the constitutional requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were not satisfied. When an appellant did not seek to withdraw his guilty plea with the district court, he or she must satisfy the plain error standard of review and must show: (1) there was error, which is a deviation from a legal rule; (2) the error was plain or obvious; and (3) the error affected a defendant's substantial rights. *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Goodson,* 544 F.3d 529, 539 (3d Cir.2008) (citing *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). If all three conditions are met, this Court will exercise its discretion to correct the error only if "(4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citing *Johnson,* 520 U.S. at 467, 117 S.Ct. 1544). This Court may "consult the entire record, and not simply the record of the plea colloquy when considering the effect of the Rule 11 error." *United States v. Corso,* 549 F.3d 921, 929 (3d Cir.2008) (citing *Vonn,* 535 U.S. at 59, 122 S.Ct. 1043).

Because Boomer did not seek to withdraw his plea with the District Court, he must now satisfy the plain error rule to vacate his guilty plea. Examining the first prong, Boomer is unable to demonstrate that any error occurred with regard to the requirements of Rule 11, and therefore his challenge must fail. Boomer entered into a valid plea agreement, which he authorized his counsel to negotiate and which both signed. The plea agreement did not contain an appellate waiver provision. Boomer also signed a "Statement of Defendant," which included a clause that he understood his trial rights and that he was giving up these rights by entering a plea. The Statement did not contain an appellate waiver provision. At the plea hearing, the Government summarized the relevant points of the plea agreement, and Boomer stated that he and his attorney understood its terms. In addition, the District Court, with the assistance of the Government, discussed with Boomer the nature of the charges against him, the evidence against him, the trial rights he would be waiving by pleading guilty, and the penalties and sentence he was facing. This colloquy was in accordance with Rule 11(b)(1). The District Court did not discuss with Boomer that he was waiving his right to appeal any pretrial rulings against him, however, Rule 11(b)(1) does not require this warning. The district court must only discuss waiver of appellate rights with a defendant if the "terms of any plea-agreement provision waiv[es] the right to appeal or to collaterally attack the sentence." Fed.R.Crim.P. 11(b)(1)(N); see also Corso, 549 F.3d at 924–25 (finding that district court committed plain error when defendant's plea agreement contained appellate waiver provision and neither district court nor prosecutor sufficiently explained the waiver provision with defendant). Because Boomer's plea agreement did not contain an appellate waiver provision, the warning outlined in Rule 11(b)(1)(N) is not applicable.

■ In his brief, Boomer acknowledges that the language of Rule 11(b) does not specifically require this warning, but he contends that given the circumstances of his case, the District Court should have had a duty to inform him that he was waiving his right to appeal the adverse ruling on his motion to suppress. Boomer argues that he had a reasonable belief that he reserved this right to appeal based on representations made by the District Court, the Government, and his counsel. For example, Boomer's first trial counsel noted that he reserved this right to appeal in her letter to this Court, the District Court expressed to Boomer at the motion to withdraw hearing that by entering a conditional plea he would accelerate review of the suppression ruling, his second trial counsel told him that he would appeal the ruling, and the Government did not include a waiver provision in the Statement of Defendant even though they knew he wanted to appeal. Boomer also contends that his own actions demonstrated his intent to appeal the denial of his pretrial motion through his effort to file an interlocutory appeal and the letters he sent to counsel and the District Court. In light of these circumstances, he argues, the District Court should have informed him that he was waiving his right to appeal.

The representations and omissions made by the District Court, the Government, and trial counsel could have conveyed to Boomer a belief that he maintained this right to appeal; however, this Court finds that Boomer cannot meet the heavy burden of showing plain error in light of the clear language of Rule 11. Even though the District Court was aware of his intent to file an appeal, it was not obligated under the Rule to inform him that he waived such right, though it may have been beneficial to do so given the court's prior statements. Moreover, if the Government's plea agreement contained an appellate

waiver provision, as many plea agreements in districts in this Circuit do, Boomer's mistaken belief regarding his appellate rights would have been easily dispelled. Because Boomer failed to satisfy the first prong of the plain error rule, this Court does not consider the other three elements of the rule, and finds no appealable issue of merit as to the validity or voluntariness of Boomer's plea on direct appeal.[2]

Examining next the legality of Boomer's sentence, this Court reviews a district court's sentence for abuse of discretion by examining its procedural and substantive reasonableness. *See United States v. Tomko,* 562 F.3d 558, 567–68 (3d Cir.2009) (citing *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Procedurally, a district court must (1) calculate a defendant's sentence under the Guidelines, (2) formally rule on any departure motions and state on the record whether it is granting a departure, and (3) exercise its discretion by considering the relevant § 3553(a) factors. *See United States v. Gunter,* 462 F.3d 237, 247 (3d Cir.2006). If a district court's procedure is reasonable, we then consider its substantive reasonableness based on the totality of the circumstances. *See Tomko,* 562 F.3d at 567 (citing *Gall,* 552 U.S. at 51, 128 S.Ct. 586).

In his *Anders* brief, trial counsel finds that Boomer's sentence was reasonable, and Boomer does not challenge his sentence in his *pro se* brief. We agree and find that the District Court did not abuse its discretion in imposing the sentence. The District Court correctly calculated Boomer's Guideline sentence to be a range of 262 months to 327 months. During the sentencing hearing, the District Court formally ruled on defense counsel's departure motions. Defense counsel requested that

Boomer not be classified as a career offender under Guideline § 4B1.1, which the District Court denied on the record after considering Boomer's criminal history and his mental state. Defense counsel also moved for a downward departure for acceptance of responsibility under Guideline § 3E1.1, which the District Court granted after careful consideration of Boomer's disruptive conduct at correctional institutions and his cooperative attitude following his arrest in this case. The District Court recalculated Boomer's Guidelines sentence in light of the acceptance of responsibility departure and reduced it to 188 to 235 months. The District Court then considered the relevant § 3553(a) factors, including Boomer's history and characteristics and the need for the sentence imposed. The District Court sentenced Boomer to 211 months of imprisonment, followed by a five-year term of supervised release, and a special assessment of $100.00. The sentence imposed by the District Court was both procedurally and substantively reasonable, and therefore this Court finds no non-frivolous issues concerning the legality of Boomer's sentence.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment, and in a separate order, grant counsel's motion to withdraw.

---

2. We note that much of Boomer's challenge is directed to claims of ineffective assistance of counsel, which may be properly raised on a collateral attack where the record is sufficient to review the issue. *See United States v. Thornton,* 327 F.3d 268, 271 (3d Cir.2003).